## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICE,<br>200 Independence Avenue SW<br>Washington, DC 20201,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Health and Human Services to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.  Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Health and Human Services is an agency of the United States Government.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.  Defendant is headquartered at 200 Independence Avenue SW, Washington, DC 20201.

## STATEMENT OF FACTS

5.      On September 28, 2018, Plaintiff submitted a FOIA request to the Food and Drug Administration ("FDA"), a component of Defendant, seeking access to the following:

> **1.      All contracts and related documentation between FDA and Advanced Biosciences Resources ("ABR") for the provision of human fetal tissue to be used in humanized mice research.**
>
> **2.      All records reflecting the disbursement of funds to ABR for the provision of human fetal tissue to be used in humanized mice research.**
>
> **3.      All guidelines and procedural documents provided to ABR by FDA relating to the acquisition and extraction of human fetal tissue for its provision to the FDA for humanized mice research.**
>
> **4.      All communications between FDA officials and employees and representatives of ABR related to the provision by ABR to the FDA of human fetal tissue for the purpose of humanized mice research.**

The time frame of the request was identified as "2013 to the present."   The request was sent by certified mail.

6.      That same day, September 28, 2018, Plaintiff also submitted a FOIA request to the National Institutes of Health ("NIH), another component of Defendant, seeking access to the same records.  Specifically, the request to NIH sought the following:

1.     **All contracts and related documentation between NIH and Advanced Biosciences Resources ("ABR") for the provision of human fetal tissue to be used in humanized mice research.**

2.     **All records reflecting the disbursement of funds to ABR for the provision of human fetal tissue to be used in humanized mice research.**

3.     **All guidelines and procedural documents provided to ABR by NIH relating to the acquisition and extraction of human fetal tissue for its provision to the NIH for humanized mice research.**

4.     **All communications between NIH officials and employees and representatives of ABR related to the provision by ABR to the NIH of human fetal tissue for the purpose of humanized mice research.**

Again, the time frame of the request was identified as "2013 to the present." The request was also sent by certified mail.

7.     By letter dated October 11, 2018, the FDA acknowledged receipt of Plaintiff's request and informed Plaintiff that the request had been assigned tracking number 2018-8273. Although Plaintiff had requested a waiver of both search and duplication fees, the acknowledgment letter made no mention of the waiver request, but advised Plaintiff that the FDA "may charge you a fee for processing your request." The acknowledgment letter did not advise Plaintiff of any right to file an administrative appeal with respect to any fee waiver determination.

8.     By letter dated October 31, 2018, NIH acknowledged receipt of Plaintiff's request on October 4, 2018 and informed Plaintiff that the request had been assigned tracking number 48505. Like with the FDA request, Plaintiff's request to NIH sought a waiver of both search and duplication fees. NIH's acknowledgment letter advised Plaintiff that the agency "shall charge you for records in accordance with the HHS FOIA regulations as they apply to 'other' requesters," but denied "addressing your request for a fee waiver at this time." The

acknowledgment letter did not advise Plaintiff of any right to file an administrative appeal with respect to any fee waiver determination.

9.      As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

10.      Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11.      Defendant is in violation of FOIA.

12.      Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

14.      To trigger FOIA's administrative exhaustion requirement, Defendant was required to make final determinations on Plaintiff's FOIA requests within the time limits set by FOIA.  Accordingly, Defendant's determinations were due by November 8, 2018 at the latest.

15.      Because Defendant failed to make final determinations on Plaintiff's FOIA requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  March 27, 2019

Respectfully submitted,

/s/ *Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email:  porfanedes@judicialwatch.org

*Counsel for Plaintiff*